```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HANOVER INSURANCE COMPANY,
a subrogee of FTS International, Inc.,

        Plaintiff,

v.                                          Civil Action No. 5:15CV56
                                                             (STAMP)
CUMMINS INC.,
CUMMINS DIESEL SALES CORPORATION,
CUMMINS CORPORATION,
CUMMINS INC, formally known as
Cummins Engine Company, Inc.,
CUMMINS ENGINE COMPANY, INC.,

        Defendants and
        Third-Party Plaintiffs,

v.

FTS INTERNATIONAL, INC.,

        Third-Party Defendant,

and

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
a subrogee of FTS International, Inc.,

        Plaintiff,

v.                                          Civil Action No. 5:15CV57
                                                             (STAMP)
CUMMINS INC.,
CUMMINS DIESEL SALES CORPORATION,
CUMMINS CORPORATION,
CUMMINS INC, formally known as
Cummins Engine Company, Inc.,
CUMMINS ENGINE COMPANY, INC.,

        Defendants and
        Third-Party Plaintiffs,

v.

FTS INTERNATIONAL, INC.,

        Third-Party Defendant.
```

**MEMORANDUM OPINION AND ORDER**
**GRANTING THIRD-PARTY PLAINTIFFS' MOTION TO**
**DISMISS OR STRIKE THIRD-PARTY COMPLAINT**

In this subrogation action, the defendants filed a third-party complaint against the insured seeking contribution and indemnification. ECF No. 66. The third-party defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) or to strike the third-party complaint under Rule 14(a)(4). ECF No. 68. For the following reasons, the motion to dismiss or strike is granted.

## I. Facts

FTS International, Inc. ("FTS") purchased an engine manufactured by the defendants, Cummins Inc., Cummins Diesel Sales Corporation, Cummins Corporation, Cummins Inc. formerly known as Cummins Engine Company, Inc., and Cummins Engine Company, Inc. (collectively "Cummins"). FTS used the engine to operate a fracking rig. The engine malfunctioned and caused a fire at the fracking site. The damage was covered by FTS's insurance policies with the plaintiffs Hanover Insurance Company and Liberty Mutual Fire Insurance Company (collectively "the Subrogees"), who each paid for damage caused by the fire under their respective policies.

The Subrogees filed separate civil actions against Cummins in West Virginia state court as subrogees of FTS. Both allege claims for strict products liability, negligence, breach of the implied

warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, breach of express warranties, and violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"). Cummins removed both cases to this Court citing diversity jurisdiction. Cummins then filed a third-party complaint against FTS for comparative fault and implied indemnity, alleging that the fire was caused by FTS's failure to properly maintain, service, or repair the engine rather than by a manufacturing defect. FTS then filed a motion to dismiss or strike the third-party complaint.

## II. Applicable Law

Under Federal Rule of Civil Procedure 14(a)(4), "[a]ny party may move to strike [a] third-party claim." Fed. R. Civ. P. 14(a)(4). A third-party claim is subject to dismissal under Rule 14(a)(4) and may also be attacked under Rules 12 and 56. See 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 1460 (3d ed. 2014). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v.

3

Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. Discussion

FTS argues that the third-party complaint must be dismissed or stricken because it fails to state a claim upon which relief can be granted. It argues that Cummins's third-party complaint alleges causes of action that are simply defenses Cummins may and has alleged against the Subrogees and because the third-party complaint essentially seeks to force the insurers to subrogate against their insured.

First, Cummins fails to state a claim against FTS. Cummins alleges that the fire was caused by FTS's negligence and failure to properly maintain the engine rather than a defect in the engine. Thus, Cummins does not allege that FTS is liable for damages it caused to Cummins. Instead, Cummins argues that its third-party complaint is proper because it asserts standard claims for contribution and indemnity; if Cummins is liable to the Subrogees, then FTS is liable to Cummins. However, the substance of Cummins's allegations are not that it and FTS are joint tortfeasors. Instead, Cummins alleges that it is not a tortfeasor at all, and that the damage was caused solely by FTS's negligence. Thus, the third-party complaint fails to state a claim against FTS.

Second, under West Virginia law, "[t]he doctrine of subrogation is that one who has the right to pay, and does pay, a

4

debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other." Porter v. McPherson, 479 S.E.2d 668, 672 (W. Va. 1996). "A clause providing for subrogation in an insurance policy simply places insurer . . . against the . . . alleged [tortfeasor], in the place of the insured." State Farm Mut. Auto Ins. Co. v. De Wees, 101 S.E.2d 273, 277 (W. Va. 1957). Thus, the subrogee is subject to the same defenses the tortfeasor has against the insured. Id. Cummins's allegations that FTS caused the fire and resulting damage is in essence an invocation of comparative fault, which Cummins may assert as a defense against Hanover and Liberty Mutual's claims as subrogees. In fact, Cummins has asserted comparative fault as a defense against the Subrogees. Thus, Cummins may not double-dip its comparative fault defense by maintaining a third-party claim for contribution or indemnification against FTS. See Travelers Prop. Cas. Co. of Am. v. Mountaineer Gas Co., 2:15cv07959, 2015 WL 7196515, *4 (S.D. W. Va. Nov. 16, 2015); USAA Cas. Ins. Co. v. Metro. Edison Co., No. 1:12cv1178, 2013 WL 2403309, *2-3 (M.D. Pa. May 31, 2013).

Third, under West Virginia's anti-subrogation rule, an insurer cannot subrogate against its insured to pass its own loss onto the insured. Norfold S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, 999 F. Supp. 2d 906, 915 (S.D. W. Va. 2014); Richards v. Allstate Ins. Co., 455 S.E.2d 803, 805 (W. Va. 1995). "One of

the most obvious public policy reason[s] for this rule is to prevent an insurance carrier from having a conflict of interest [with its insured]." Id. at 805. Taking the third-party complaint as true, the fire was caused by FTS's negligence and not by Cummins's negligence or by any manufacturing or design defect. Thus, through its third-party complaint Cummins is removing itself from the liability equation and alleging that only FTS is liable for the fire and the Subrogees' subsequent payouts under their insurance agreements. In effect, Cummins is attempting to convert this civil action into a dispute between insurer and insured. Thus, Cummins's third-party complaint seeks to create a conflict of interest between the Subrogees and FTS, and is not proper under the anti-subrogation rule.

## IV. Conclusion

For the foregoing reasons, FTS's motion to dismiss or strike the third-party complaint (ECF No. 68) is GRANTED. Accordingly, it is ORDERED that Cummins's third-party complaint (ECF No. 66) be dismissed and stricken from the docket in this civil action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     May 16, 2016

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE